### Jones, et al. v. McEwen, et al.

(Decided January 30, 1923.)

## Appeal from McCracken Circuit Court.

Deeds—Action for Cancellation of Deed—Finding of Chancellor.— In an action to cancel a deed on the ground of mental capacity, or for the failure of consideration by giving support and maintenance, evidence examined and held insufficient to support the action.

MOCQUOT, BERRY & REED and H. E. PURYEAR for appellants.

HAZELIP & KAHN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This case was brought in the McCracken circuit court by appellant Queen V. Jones and others against her sister, Mary McEwen, and her husband for the cancellation of a deed of conveyance executed by Martha Dawson to her daughter, Mary McEwen, on March 21, 1917, by which deed the grantor conveyed to the appellee McEwen a small house and lot in the suburbs of Paducah for the recited consideration of one dollar, and the further consideration that the ''second party hereby agrees to provide a home for and maintain and support the first party during the period of her entire life without charge or expense to her.'' The appellants averred in their petition for a cancellation of the deed (1) that Martha Dawson, the grantor herein, was not of sound mind at the time she undertook to make the said deed and transfer of title to said property; and (2) further that the chief consideration for the conveyance was the maintenance and support of Martha Dawson during the remainder of her life and that the grantee, Mary McEwen, failed and refused to carry out the agreement to maintain and support her mother and did not in fact support and maintain her after the execution of the deed, but that Martha Dawson, grantor, supported and cared for herself until about two or three weeks before her death on the 7th of October, 1918, when appellant and others of her children took charge of her. The case being prepared by the taking of proof on both sides and submitted to the court, judgment was entered dismissing plaintiff's petition. From this judgment this appeal is prosecuted by Queen V. Jones, et al.

While the pleadings were sufficient to have warranted the court in entering a judgment cancelling the deed either upon the ground of want of mental capacity on the part of the grantor, Martha Dawson, or for the failure of the grantee in the deed to pay the consideration recited therein by giving support and maintenance to the grantor, the evidence is, we think, largely against the appellants.

The plaintiff, Queen V. Jones, testifying for herself, stated that in her judgment her mother, Mary Dawson, did not have sufficient mind to know the meaning of the contract by which she conveyed the house and lot to appellee, Mary McEwen, and she further testified that her mother took sick two or three weeks before her death in

October, and that appellant and her sister and three brothers took care of their mother without the aid or assistance of appellee, Mary McEwen; that Mary was at her home and that she did not do anything for her mother during her sickness, and that she did not do anything for her mother from the time of the making of the deed in March, 1917, until her mother died in October, 1918; that her mother furnished the house in which she lived and her own support; that the day appellee, Mary McEwen, moved into the house with Martha Dawson that Martha moved out, for on that day they had a disagreement and never made up thereafter. She is supported in part by the evidence of three or four witnesses.

On the other hand appellee Mary McEwen testified that she was the youngest child of the family and remained with her mother after the others had married and gone away, and that during all the time from her infancy up to the time of the death of her mother she had waited upon her mother and took care of her and provided for her support and maintenance; that the house and lot which were deeded to her by her mother were formerly owned by her brother, who died some two or three years before the deed was made by Martha Dawson to Mary McEwen, and that the brother upon whom appellee waited during his last sickness, having no children, gave the house and lot to Mary but made her no title papers, and her mother, who took the property by inheritance from her son, later deeded it to Mary, partly on account of the fact that her son had given it to Mary and partly in consideration of Mary continuing to look after and support her mother; that she and her mother were always on the friendliest terms and that she was at her mother's house four or five times every day even when her mother was well and always looked after her and inquired of her if there was anything she wanted or that she could do for her; that she gave her mother money to live on from and after the making of the deed, and otherwise looked after her carefully to see that every reasonable want was supplied. Mary further testified that her mother was a woman of good mind all her life and that her mind was as good up to the time of her death as it had ever been. She called several witnesses who testified that she was good to her mother and provided for her and took care of her after the making of the deed in question; and further that her mother, Martha Dawson, was a woman of good mind.

Only one physician testified, and he stated that he had waited upon Martha Dawson at several different times through a number of years next before her death, and that Martha Dawson was a woman of good mind and that there was no noticeable difference in her mind from the time he first knew her, several years before the making of the deed, down to shortly before the time of her death and that she had a mind sufficient to understand a contract or a deed and to know the result of such a transaction.

The chancellor, from the whole evidence, concluded that Martha Dawson was of sound mind at the time of the making of the deed, and further that her daughter, Mary, to whom the house and lot were conveyed, paid the consideration fixed in the deed by supporting and caring for her mother, Martha Dawson, from the time of the making of the deed until her death, in October, 1918. The evidence seems to support these conclusions. This court is not warranted in reversing a judgment of this kind unless it is against the weight of the evidence, which does not appear to be so in this case. The finding of the chancellor is entitled to some weight, for he is presumed to know, or at least to have better opportunity of knowing the witnesses, and therefore to better appraise their veracity and the weight to be given to their testimony. Diaguild v. Roberts, 121 S. W. 464; Williams v. Harvey, 192 Ky. 684; Henderson Wagon Works v. H. J. Heinz Co., 194 Ky. 658.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.